**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2817-18T4

JACQUES CHARLOT,

    Plaintiff-Respondent,

v.

STEPHANIE DEJESUS,

    Defendant-Appellant.

_____

Submitted May 12, 2020 – Decided May 26, 2020

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. SC-1252-18.

Stephanie DeJesus, appellant pro se.

Respondent did not file a brief.

PER CURIAM

    Defendant Stephanie DeJesus appeals from a January 15, 2019 Special Civil Part judgment entered after a bench trial in the amount of $3492 in favor

of plaintiff, Jacques Charlot, her former tenant. The trial court found defendant violated the Security Deposit Act (SDA), N.J.S.A. 46:8-19 to -26. We affirm.

We glean the following from the record. In October 2017, defendant purchased a home in which plaintiff was the tenant in Hillside. Plaintiff was the first-floor tenant and testified that he resided there for "at least eight years." Plaintiff executed a written lease agreement with the prior owner of the residence on September 24, 2011. At the inception of the lease, plaintiff paid a security deposit in the amount of $1725 to the former landlord.

On November 1, 2017, defendant served a Thirty Day Notice to Quit on plaintiff because she wanted to reside in the apartment. After a complaint for non-payment of rent was filed against plaintiff, on December 14, 2017, he agreed to pay the outstanding rent and vacate the premises by January 14, 2018. On December 14, 2017, the trial court memorialized the parties' agreement in a consent to enter judgment.

Prior to returning the security deposit, defendant requested to inspect plaintiff's apartment. According to defendant, her inspection revealed two holes punched in the wall, bathtub cracks, chipped paint, a missing toilet seat, three broken doors, a black stain on the kitchen countertop, a damaged sink hose, and torn kitchen floor tile. Defendant claimed the estimated cost for repairs was

$1,535.39, which she had done, and that she incurred $2000 in labor costs, thereby entitling her to keep the security deposit.

After defendant failed to return the security deposit, plaintiff filed a complaint in the Small Claims Section of the Special Civil Part on December 13, 2018. Both parties testified at trial on January 15, 2019. The trial judge reviewed the evidence and issued an oral decision addressing plaintiff's claim. The judge found that plaintiff entered into a written lease with the prior landlord on September 24, 2011, which indicated the security deposit was $1725. Based upon plaintiff's "credible" testimony and documentation, the judge found he vacated the property in January 2018, and defendant did not return the security deposit to him.

At trial, defendant claimed that at the time of closing of title, she only received $1,119.40[1] in security deposit monies, confirmed by an affidavit from her closing attorney, Margarita Golden, Esq. Based on the evidence, the judge concluded the former landlord was not entitled to deduct any monies from plaintiff's security deposit and "the security deposit should have remained at

---

[1] According to Ms. Golden's affidavit, plaintiff was charged late fees. At closing, the balance of the security deposit was $1033 plus interest of $86.44 for a total of $1,119.40. The correct amount is $1,119.44 but the discrepancy is not germane to our decision.

[$1725]."  Additionally, the judge determined that defendant failed to comply

with the SDA, explaining

> once the defendant purchased the home she then became responsible under the statute—under the [SDA] for the tenant's security deposit, and in this case the total amount, because there is nothing in the record which indicated that the previous landlord had a right to deduct any money from the plaintiff's security deposit.
>
> Also, the [c]ourt finds that the defendant is in violation of the [SDA], because she did not send, within [thirty] days, within [sixty] days, within [ninety] days, within 120 days, within 365 days the plaintiff a letter detailing how much the security deposit was and the detailed itemized list of the deductions as required by the statute.
>
> Therefore the [c]ourt finds that the plaintiff has proven his cause of action by the preponderance of the credible evidence . . . via his credible testimony and his documentation.  The [c]ourt finds that the total amount of security deposit that is owed to the plaintiff is $1725.  The [c]ourt finds that that is the amount that the defendant owes the plaintiff.
>
> The [c]ourt also finds that since the plaintiff had to sue the defendant for the return of the security deposit under [N.J.S.A.] 46:8-21.1 the plaintiff is entitled to double that amount.  So, double that amount would be $3450. . . .

Judgment was entered in plaintiff's favor for $3450 plus $42 in costs.

4

On appeal, defendant argues the trial judge improperly doubled the security deposit and entered judgment in favor of plaintiff. Defendant also asserts that the judge did not account for the extensive damage to plaintiff's apartment and failed to consider his history of late rent payments.

We have carefully considered the record and conclude that defendant's arguments are without merit. R. 2:11-3(e)(1)(E). We add the following brief remarks.

"The scope of appellate review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). Ordinarily, the trial court's findings "are binding on appeal when supported by adequate, substantial, credible evidence." Ibid. (quoting Cesare, 154 N.J. at 411-12). Such deference "is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Ibid. (quoting Cesare, 154 N.J. at 412). "The trial court's legal determinations, in contrast, are reviewed de novo." Sipko v. Koger, Inc., 214 N.J. 364, 379 (2013).

The SDA requires a landlord to return a tenant's security deposit along with accrued interest "[w]ithin [thirty] days after the termination of the tenant's lease . . . less any charges expended in accordance with the terms of [the] . . .

lease. . . ." N.J.S.A. 46:8-21.1. "Any deductions the landlord makes must be 'itemized,' and notice must be forwarded to the tenant." Reilly v. Weiss, 406 N.J. Super. 71, 80 (App. Div. 2009) (quoting N.J.S.A. 46:8-21.1). "If the landlord violates this section . . . the tenant may bring suit, and 'the court upon finding for the tenant . . . shall award recovery of double the amount of said moneys, together with full costs of any action and, in the court's discretion, reasonable attorney's fees.'" Ibid. (second alteration in original) (quoting N.J.S.A. 46:8-21.1).

A landlord may terminate a month-to-month tenancy "by the giving of [one] month's notice to quit. . . ." N.J.S.A. 2A:18-56(b); see also Center Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 350 (App. Div. 1993).

In this case, defendant terminated the lease on November 1, 2017, when thirty-days' notice was provided to plaintiff. The trial judge properly determined that recovery should be double the amount of the security deposit stated in the lease, which had been wrongfully withheld, contrary to N.J.S.A. 46:8-21.1, and not the amount defendant received at closing. The judge also found defendant did not present any evidence that the prior owner was entitled to deduct any monies from the security deposit amount. The record supports the judge's finding.

We discern no reason to interfere with the trial judge's findings of fact or conclusions of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2817-18T4